**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

|   |   |
|---|---|
| ------------------------------------------------------x<br>In re:                                                                :<br>                                                                       :<br>Marine Builders, Inc., *et al*.[1]                            :<br>                                                                       :<br>                                          Debtors.        :<br>------------------------------------------------------x | Chapter 11<br><br>Case No. 19-90632-BHL-11<br><br>(Joint Administration Requested)<br><br>Honorable Basil H. Lorch III |

**DECLARATION OF DAVID A. EVANCZYK IN SUPPORT
OF CHAPTER 11 PETITIONS AND FIRST DAY PLEADINGS**

I, David A. Evanczyk, hereby make this statement under 28 U.S.C. § 1746 and state that:

1.      I am the President of Marine Builders, Inc. ("MBI") and I manage the day-to-day operations of Marine Industries Corporation ("MIC" and together with MBI, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2.      On the date hereof (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as well as certain motions and other pleadings (the "First Day Pleadings"). I am authorized by the Debtors to submit this declaration on their behalf in support of the First Day Pleadings.

3.      The First Day Pleadings are intended to enable the Debtors to operate effectively and efficiently during the Chapter 11 Cases, as well as avoid certain adverse consequences that might otherwise result from the commencement of the Chapter 11 Cases. Among other things, the First Day Pleadings seek relief aimed at sustaining the operations of the Debtors so that vendors, employees, and creditors are not adversely impacted by the Chapter 11 Cases and to

---

[1]      The last four digits of Marine Builders, Inc. and Marine Industries Corporation's taxpayer identification numbers are (8909) and (2118), respectively. The Debtors' mailing address 5821 Utica Pike, Utica, IN 47130.

maintaining the confidence of the Debtors' various stakeholders, vendors and employees to preserve value that would otherwise quickly erode. Gaining and retaining the support of these key constituencies is critical to the Debtors' efforts to stabilize their business operations and maximize value for the benefit of their creditors. I have reviewed the First Day Pleadings, and it is my belief that the relief sought therein is necessary to: (a) avoid immediate and irreparable harm to, and ensure the uninterrupted operations of the Debtors; and (b) maximize and preserve the value of the Debtors' bankruptcy estates.

4. I am familiar with the Debtors' day-to-day operations, financial condition, business affairs and books and records. Except as otherwise indicated, all facts set forth in this declaration are based upon (a) my personal knowledge, (b) my review of relevant documents, (c) information provided to me by other members of the Debtors' management team or professionals retained by the Debtors, or (d) my opinion based on experience and knowledge of the Debtors' operations and financial condition. If called upon, I could and would testify competently to the facts set forth herein.

A. **General Background on the Debtors**

5. My father David W. Evanczyk founded the Debtors over 40 years ago, and the Debtors continue to be owned and managed by our family. My father is still the President and CEO of MIC, and he has equity interests in the Debtors. My brother Byron Evanczyk is the Vice President of MBI and has equity interests in MBI. My brother Dewaine Evanczyk has equity interests in MIC. My son Matthew Evanczyk is a Production/Product Manager at MBI.

6. The Debtors provide goods and services to the maritime industry. MBI builds and repairs both river-going and ocean-going vessels at a facility it leases from my father in Utica, Indiana. That facility has 16 acres, access to the Ohio River, and a fabrication shop with 14,000 square feet of space. MBI has its own in-house engineering team and over its history has

2

designed, built and delivered over 100 vessels. MIC sells marine equipment and parts, and is based out of the same facility in Utica, IN.

7.     Unfortunately, over the past several years the Debtors have suffered from various adverse market conditions that have impacted the marine industry generally. Barge orders peaked in 2013 and have declined since then as a result of decreased river traffic because of the decline in the coal industry and the longer lifespan of barges because of improved sealants and materials used in construction. These adverse market conditions have impacted the industry generally. Locally, in 2018 JeffBoat LLC shutdown its facility in Jeffersonville, IN. Other boat and barge builders such as Trinity Industries and Heartland Fabrication have also pared down their operations, diversified or restructured. The decreased demand for newly built barges and repairs have also resulted in reduced orders for the maritime products sold by MIC. What is more, in 2017 Thorndon Bearings, Inc., for whom MIC was a long-time distributor, hired-away two of MIC's employees and started direct sales to MIC's customer base. This eliminated a major source of income and profits for MIC.

8.     Due to these changing market conditions, the Debtors are suffering from an insufficient cash flow to service their debts. There is a need for the vessels that the Debtors' build, repair and supply. However, the Debtors need the protection of the automatic stay and the rights afforded to them under the Bankruptcy Code to restructure their assets and liabilities to maximize creditor recovery, preserve the going-concern value of the Debtors' business, and save the jobs of the Debtors' twenty-five employees.

**B.     The Debtors' Secured Debt**

9.     The Debtors' primary lenders and secured creditors are WesBanco Bank, Inc. ("WesBanco") and The New Washington State Bank ("NWSB").

### i. *WesBanco's Claims Against the Debtors*

10. As of the Petition Date, WesBanco holds a claim against Debtor MBI with principal, interest and fees in the approximate amount of $841,933.29 (the "WesBanco Marine Builders Claim"), which is outstanding under the terms of a Promissory Note dated January 25, 2012.  The WesBanco Marine Builders Claim is purportedly secured by a security interest and first preferred ship mortgage on the vessel, the Jenny Lynne.  The WesBanco Marine Builders Claim is further secured by a first priority blanket lien on substantially all of Marine Builders' personal property assets (the "Marine Builders Prepetition Collateral").  To the extent that the WesBanco Marine Builders Claim is secured by a properly perfected security interest, the claim is substantially oversecured because the value of the Jenny Lynne and the Marine Builders Prepetition Collateral greatly exceeds the amount of the WesBanco Marine Builders Claim.  MBI has arranged for the Jenny Lynne to be marketed for sale by Northrup & Johnson with a listing price of $2,750,000.  The Jenny Lynne was custom built by MBI in 2006, it is a tri-deck luxury yacht that is 86.94 feet long, can accommodate ten guests overnight in five cabins, including a master suite, and is capable of carrying up to four crew members in two additional cabins.  The Jenny Lynne is undergoing repainting to maximize its value, and the Debtors propose sailing it to South Florida where it will command the highest price.  The Marine Builders Prepetition Collateral includes MBI's accounts receivable, including intercompany claims, in the approximate amount of $641,152.90, plus cash, equipment, and other assets.

11. As of the Petition Date, WesBanco holds a claim against Debtor MIC with principal, interest and fees in the approximate amount of $575,336.33 (the "WesBanco Marine Industries Claim," and together with the "WesBanco Marine Builders Claim" the "WesBanco Claims"), which is outstanding under the terms of a Promissory Note dated April 7, 2005.  The WesBanco Marine Industries Claim is purportedly secured by a first priority blanket lien on

4

substantially all of Marine Industries' personal property assets (the "Marine Industries Prepetition Collateral" and together with the Marine Builders Prepetition Collateral, the "Prepetition Collateral"). To the extent that the WesBanco Marine Industries Claim is secured by a properly perfected security interest, the claim is oversecured because the value of Marine Industries Prepetition Collateral likely exceeds the amount of the WesBanco Marine Industries Claim. Specifically, MIC has: approximately $282,295.78 in accounts receivable, including intercompany claims; inventory with a retail value of approximately $309,809.80; plus cash, equipment, and other assets.

12. The WesBanco Marine Builders Claim and the WesBanco Marine Industries Claim are not "cross-collateralized." The documents supporting the WesBanco Marine Industries Claim do not provide for cross-collateralization. The Commercial Security Agreement and Preferred Ship Mortgage for the WesBanco Marine Builders Claim both provide as follows:

> **CROSS-COLLATERALIZATION**. In addition to the Note, this Ship Mortgage secures the following described additional indebtedness: THIS LOAN IS CROSS COLLATERALIZED WITH LOAN NUMBER 102918802.

However, there is no Loan Number 102918802 between the Debtors and WesBanco and this provision therefore has no effect.

13. David W. Evanczyk has guaranteed 100% of the WesBanco Marine Industries Claim. David W. Evanczyk has guaranteed 60% of the $955,000 principal amount of the WesBanco Marine Builders Claim. I have guaranteed 25% of the $955,000 principal amount of the WesBanco Marine Builders Claim. Byron Evanczyk has guaranteed 25% of the $955,000 principal amount of the WesBanco Marine Builders Claim.

14. Although WesBanco has filed UCC-1 financing statements and has prepared a preferred ships mortgage, the Debtors are not willing to stipulate to the perfection of WesBanco's Claims on the Jenny Lynne and all of the Prepetition Collateral. For example, the

5

Debtors' cash is not held at WesBanco and the Debtors do not believe that WesBanco has a deposit account control agreement.

### ii. NWSB's Claims Against the Debtors

15. As of the Petition Date, NWSB holds claims against Debtor MBI with principal, interest, and fees in an approximate aggregate amount of $2,284,321.72 (the "NWSB Marine Builders Claims"), which are outstanding under the terms of various promissory notes. The NWSB Marine Builders Claim is secured by a junior lien on all accounts and equipment. The NWSB Marine Builders Claim is further secured by a mortgage on real property on which the Debtors operate, which real property is owned by a trust for the benefit of the family of the Debtors' principals.

16. As of the Petition Date, NWSB holds a claim against Debtor MIC with principal, interest, and fees in an approximate amount of $6,322.52 (the "NWSB Marine Industries Claim"), which is outstanding under the terms of a promissory note.

17. Both of the Debtors maintain checking accounts with NWSB. Marine Builders also maintains a deposit checking account with Republic Bank.

### iii. The Tax Claims and Equipment Liens

18. The Internal Revenue Service (the "IRS") holds claims against Debtor MBI which are in the approximate aggregate amount of $573,313.60 (the "IRS Claim"). The IRS Claim is secured by a lower priority security interest on substantially all of MBI's assets.

19. In addition to WesBanco's and NWSB's interests in the Cash Collateral, certain of the Debtors' creditors have sold or leased equipment to the Debtors (together, the "Other Secured Creditors"). The Other Secured Creditors hold claims against the Debtors that are secured by equipment or goods. Although the other Secured Creditors claims are secured by

equipment or goods and the proceeds thereof, the Other Secured Creditors' claims are not secured by the Debtors' cash or cash collateral within the meaning of the Bankruptcy Code

20.     In addition, as of the Petition Date, the Debtors believe they have approximately $1,123,88.13 in unpaid unsecured obligations (the "Unsecured Claims").

**C.     Facts Relevant to the First Day Pleadings**

21.     Concurrently with the filing of the Petition, the Debtors filed the First Day Pleadings, which request various forms of relief.  Generally, the First Day Pleadings have been designed to meet the Debtors' goals of: (a) continuing the Debtors' operations in the Chapter 11 Cases with as little disruption as possible; (b) maintaining the confidence and support of the Debtors' employees, suppliers and vendors during the Debtors' reorganization process; (c) establishing procedures for the smooth and efficient administration of the Chapter 11 Cases; and (d) obtaining the authorization to use Cash Collateral.

22.     I have reviewed and discussed with the Debtors' counsel each of the First Day Pleadings filed contemporaneously herewith (including the exhibits thereto and supporting memoranda) and incorporate by reference the factual statements set forth in the First Day Pleadings.  It is my belief that the relief sought in each of the First Day Pleadings is tailored to meet the goals described above and, ultimately, will be critical to the Debtor's ability to achieve a successful going-concern sale of their assets.

23.     It is my further belief that, with respect to those First Day Pleadings requesting the approval of the Debtors' use of Cash Collateral is essential for the Debtors so that they may sustain their operations and maximize the value of the businesses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2019

_____
David A. Evanczyk

## CERTIFICATE OF SERVICE

I certify that on April 25, 2019, the Motion was served electronically through the Court's ECF system to all persons receiving electronic notifications in the Chapter 11 Cases. Also on April 25, 2019, a copy of the Motion was sent via overnight delivery to the Office of the United States Trustee, the Debtors' secured creditors, and the Debtors' twenty largest unsecured creditors, each at the addresses set forth below:

| | |
|---|---|
| Marine Builders, Inc.<br>5821 Utica Pike<br>Utica, IN 47130 | Marine Industries Corporation<br>3303 Industrial Parkway<br>Jeffersonville, IN 47130 |
| Office of the United States Trustee<br>101 West Ohio, Suite 1000<br>Indianapolis, IN 46204 | New Washington State Bank<br>402 East Main St.<br>New Washington IN 47162 |
| Duplicator Sales & Service<br>831 E. Broadway<br>Louisville KY 40204 | Wesbanco Bank Inc.<br>1 Bank Plaza<br>Wheeling WV 26003 |
| 301 Inter@ctive Marketing<br>6013 Brownsboro Park Blvd<br>Suite-H<br>Louisville, KY 40207 | ACBL Transportation<br>PO Box 610<br>Jeffersonville, IN 47130 |
| American Honda Motor Co.<br>Dealer #313288 1919<br>Torrance Blvd.<br>Torrance, CA 90501-2746 | Action Coach<br>1860 Campus Place<br>Louisville, KY 40299 |
| Britmare Industries<br>Unit 102-2433<br>Dollarton Hwy<br>British Columbia V7H0A1 | American Engineers, Inc.<br>65 Aberdeen Drive<br>Glasgow, KY 42141 |
| Cal-June<br>PO Box 9551<br>N. Hollywood, CA 91609-1551 | Ash Group LLC<br>PO Box 706<br>Prospect, KY 40059 |
| Corvus Janitorial Systems<br>11900 Plantside Drive<br>Suite F<br>Louisville, KY 40299 | Cleveland Brothers<br>5300 Paxton St.<br>Harrisburg, PA 17111 |
| DeJong & Lebet, Inc.<br>1734 Emerson St.<br>Jacksonville FL 32207 | Donovan Marine<br>6316 Humphrets St.<br>Harahan, LA 70123 |
| Duramax Marine LLC<br>17990 Great Lakes Parkway<br>Hiram, OH 44234-9681 | Graybar Electric<br>3880 Business Park Dr.<br>Louisville, KY 40213 |
| First National Bank Omaha<br>PO Box 2818<br>Omaha, NE 68103-2818 | Indiana Workforce Development<br>PO Box 847<br>Indianapolis, IN 46206-0847 |
| Halo Applications & Communications LLC<br>800 Lily Creek Rd., Ste. 201<br>Louisville KY 40243 | Kobelt Manufacturing<br>8238 129th Street Surrey<br>British Columbia V3W0A6 |
| ITW Performance Polymers<br>PO Box 75323<br>Chicago, IL 60675-5323 | Maxim Silencers, Inc.<br>10635 Brighton Lane<br>Stafford, TX 77477 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Mountjoy Chilton Medley LLP<br>2600 Meidinger Tower, 462 South Fourth Street<br>Louisville, KY 40202 |
| JAG Industrial & Marine Service | Passenger Vessel Association |

| | |
|---|---|
| 225 E. Chicago St.<br>Jonesville, MI 49250 | 103 Oronoco Street, Suite 200<br>Alexandria, VA 22314 |
| Marine Industrial Insulation<br>9501 HWY 955 East<br>Ethel, LA 70730 | R3 Safety, LLC<br>12240 Collections Center Drive<br>Chicago, IL 60693 |
| Mark W. Hudson, CPA<br>305 Hidden Oak Way<br>Louisville, KY 40222 | |
| McCauley Nicolas & Co., LLC<br>462 South Fourth St.<br>Louisville, KY 40202 | SCF Services Dept. 3295<br>Dallas, TX 75299 |
| Missouri Dry Dock Repair<br>500 Aquamsi St.<br>Cape Girardeau, MO 63703 | Rubaiyat Boat Harbor<br>5819 Utica Pike<br>Jeffersonville, IN 47130 |
| Quality Maritime Service, LLC 15541 South Brentwood St.<br>Channelview, TX 77530 | Survitec Survival Products, Inc.<br>PO Box 585<br>Sharon Center, OH 44274-0585 |
| Schoellhorn-Albrecht Machine Co., Inc.<br>1141 Reco Avenue<br>St. Louis, MO 63126 | Timco Industries Inc<br>PO Box 689<br>New Albany, IN 47151 |
| Survitec Survival Products, Inc.<br>PO Box 585<br>Sharon Center, OH 44274-0585 | UPS<br>Lockbox 577<br>Carol Stream, IL 60132-0577 |
| Sound Propeller Service<br>7916 8th Avenue S<br>Seattle, WA 98108 | Windstream<br>PO Box 9001950<br>Louisville, KY 40290-1950 |
| Spencer Machine & Tool Co.<br>6205 Gheens Mill Road<br>Jeffersonville, In 47130 | Tri-State Coating & Machine Co<br>5610 McComas Road<br>Salt Rock, WV 25559 |

/s/ James R. Irving

10